UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA REBECA VASQUEZ LUCERO, | Civil Action No.   25-16737 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM & ORDER |
| LUIS SOTO, et al., | |
| Respondents. | |

Petitioner Sandra Rebeca Vasquez Lucero, a citizen of Guatemala, has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her detention without an individualized bond hearing.  The following facts are not disputed.  Petitioner entered the United States without inspection in 2002 and has continuously resided in the United States since that time. (ECF No. 1, Petition at ¶ 9.)  A Notice to Appear in Removal Proceedings under Section 240 of the Immigration and Nationality Act was issued to Petitioner on June 7, 2017.  (ECF No. 5-1, Ex. A to Answer.)  Petitioner applied for cancellation of removal based on exceptional extremely unusual hardship to her 10-year-old U.S. citizen daughter.  (Petition at ¶ 11.)  She is currently scheduled for a master hearing at Newark Immigration Court on February 16, 2028.  (*Id.* at ¶ 12.) Petitioner has no criminal history[1] and no final order of removal.  (*Id.* at ¶¶ 14-15; *see also id.* at ¶ 17.)

---

[1] The Petition references an "Interpol Red Notice" issued for Petitioner but indicates that Petitioner has challenged warrant on the basis of factual impossibility.  In the brief supporting the OTSC, counsel for Petitioner states that the Interpol Notice was "recently cancelled."  (ECF No. 2-1 at 2.) Respondents do not refer to the Interpol Notice in their Answer or dispute that it was cancelled.

Petitioner was detained on the morning of October 20, 2025, by Immigration and Customs Enforcement ("ICE") agents as she was leaving for work, and the Petition, filed the same day, alleged that she was being held at the Mt. Laurel Field Office and that ICE agents would not inform her of her next destination. (*Id.* at ¶ 13.)

In her motion for an Order to Show Cause, Petitioner alleged that she is detained at Elizabeth Detention Center but would imminently be transferred out of the District. (ECF No. 2-1 at 2.) Pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), the Court enjoined Petitioner's transfer from her current detention facility or removal from the United States pending further Order of the Court. (ECF No. 3.) The Court directed Respondents to provide the name of Petitioner's current detention facility within three days and file their answer within 21 days. (*Id.*)

On October 31, 2025, Respondents confirmed that Petitioner is currently detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. (ECF No. 4.) On November 18, 2025, Respondents filed their answer, and Petitioner's counsel filed her reply brief the following day. (ECF Nos. 5-6.)

In their answer, Respondents explain that the Department of Homeland Security ("DHS") has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*See* ECF No. 5, Answer at 14 n.3.)

Courts in this District, however, have rejected Respondents' new interpretation of 8 U.S.C. § 1225(b)(2)(A). In *Rivera Zumba v. Bondi*, Civ. No. 25-cv-14626, 2025 WL 2753496, at *7-9

(D.N.J. Sept. 26, 2025) (KSH), the District Court analyzed the plain language of 8 U.S.C. § 1225(b)(2)(A) and found that it applies only to noncitizens who are inspected by immigration officials at or near the border or its functional equivalent and not to noncitizens who entered the United States without inspection and were arrested within the interior of the United States.  The District Court further noted that "for nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States" and observed that the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) "explicitly adopt[ed] this distinction, describing § 1225 as the detention statute for noncitizens affirmatively 'seeking admission' into the United States, and § 1226 as the detention statute for noncitizens who are 'already in the country.'" *Id.* at *9 (citing *Jennings*, 583 U.S. at 289).  The District Court in *Rivera Zumba* further held that the petitioner, who was arrested by ICE in the interior of the United States and had no criminal history, could only be discretionarily detained under 8 U.S.C. § 1226(a), which provides for individualized bond hearings before an immigration judge who must assess flight risk and dangerousness.  *See id.* at *6, *11.  The Court is persuaded by the District Court's reasoning in *Rivera Zumba*.

Here, Petitioner is similarly situated to the petitioner in *Rivera Zumba*, and Respondents make the same statutory arguments they made in *Rivera Zumba* and in other cases in this District.  (*See* Answer at 12-17.)  Notably, other courts in this District have also rejected Respondents' broad view of 8 U.S.C. § 1225(b)(2)(A) and granted habeas relief to individual petitioners seeking release or a bond hearing under 8 U.S.C. § 1226(a).  *See, e.g.*, *Rivera Zumba*, 2025 WL 2753496, at *8 (KSH); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252, at *1 (D.N.J. Oct. 21, 2025) (MEF); *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025)

(CPO); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *7 (D.N.J. Oct. 23, 2025) (JKS); *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296, at *9 (D.N.J. Oct. 23, 2025) (EP); *Patel v. Almodovar*, No. 25-15345, 2025 WL 3012323, at *4 (D.N.J. Oct. 28, 2025) (SDW); *Ayala Amaya v. Bondi*, No. 25-cv-16428, 2025 WL 3033880, at *3 (D.N.J. Oct. 30, 2025) (ESK); *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588, at *9 (D.N.J. Nov. 3, 2025) (EP); *Lopez v. Noem*, No. 25-16890, 2025 WL 3101889, at *3 (D.N.J. Nov. 5, 2025) (SDW); *Vicens-Marquez v. Soto*, No. 25-16906, 2025 WL 3097496, at *2 (D.N.J. Nov. 6, 2025) (KSH); *Naula v. Noem*, No. 25-16792, 2025 WL 3158490, at *3 (D.N.J. Nov. 12, 2025) (SDW).

Respondents candidly acknowledge that the weight of authority is against them but maintain that Petitioner is lawfully detained under § 1225(b)(2)(A). (*See* Answer at 7.) They do not dispute the salient allegations in the Petition, namely that Petitioner entered the United States without inspection in 2002, has resided in the United States since that time, was arrested on October 20, 2025 within the interior of the United States, and has no meaningful criminal history. The persuasive legal authority and undisputed facts show that Petitioner's detention is only authorized under 8 U.S.C. § 1226(a).

Therefore, this Court grants the habeas petition and finds that Petitioner may not be mandatorily detained under § 1225(b)(2)(A) and is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). As soon as practicable, but no later than 7 days from the date of this Order, Respondents shall provide Petitioner with a bond hearing before an immigration judge who must conduct an individualized assessment of whether she presents a flight risk or danger to the community. Respondents shall report the outcome of that bond proceeding to the Court within 3 business days thereafter.

**THEREFORE**, it is on this 20th day of November 2025,

**ORDERED** that the Court **GRANTS** the habeas petition for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that as soon as practicable but no later than 7 days from the date of this Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether she presents a flight risk or a danger to the community; and it is further

**ORDERED** that, within 3 business days of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**